# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY JO PHILLIPS, | ) | CASE NO. 4:16-cv-2764 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| OFFICER ERIC MANNING, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the motion for partial summary judgment filed by defendants City of Campbell (the "City"), Eric Manning ("Manning"), Drew Rauzan ("Rauzan"), Robert Curtis ("Curtis"), and Kevin Sferra ("Sferra") (collectively, "defendants"). (Doc. No. 15 ["Mot."].) Plaintiff Mary Jo Phillips ("Phillips") filed a brief in opposition (Doc. No. 17 ["Opp'n"]) and defendants filed a reply (Doc. No. 18 ["Reply"]). For the reasons discussed herein, the motion is granted, in part.

## I. BACKGROUND

Phillips filed her complaint in the Mahoning County Court of Common Pleas on October 7, 2016. Defendants removed it to this Court on November 14, 2016. Subsequently, Phillips amended the complaint. (*See* Doc. No. 12, First Amended Complaint ["Compl."].)

The first amended complaint does not set forth any individual "claim for relief," as required by Fed. R. Civ. P. 8(a), but asserts generally that it is brought under 42 U.S.C. § 1983 "for malicious impairment of Mary Jo Phillips' Fourth and Fourteenth Amendment rights against

illegal and unreasonable rendition, search, seizure, and use of force." (Compl. ¶ 1.)[1] It further asserts "pendent state law claims of assault and battery and statutory claims of 'strip search,' and 'body cavity search,' which derive from a common nucleus of operative facts with the Federal claims[.]" (*Id.* ¶ 2.)

Phillips' claims are based on two incidents – one on March 7, 2016[2] and the other on June 4, 2016 – when defendant police officers pulled over vehicles in which she was a passenger. Defendants' motion is directed only at the federal and state claims based on the second incident.

On June 4, 2016, Phillips was a passenger in a vehicle that she claims "was maliciously apprehended by the defendants[,]" (Compl. ¶ 32),[3] allegedly in retaliation for the complaint she filed with the City after the March 7th incident. (*Id.* ¶ 38.) Manning testified that, at around 9:30 p.m. on June 4, 2016, he was patrolling an area of the City known for its high drug traffic and crime rate. He observed two occupants exit a vehicle, enter the Kirwan Homes development, and return to the vehicle less than five minutes later. Based on his experience of the area, Manning believed the vehicle might contain illegal substances. Therefore, when Manning witnessed the vehicle's failure to observe a stop sign as it drove away, he immediately pulled it over. (Doc. No.

---

[1] The Fourth Amendment is enforceable against the States through the Fourteenth Amendment. *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, 528, 87 S. Ct. 1727, 18 L. Ed. 2d 930 (1967) (citing *Ker v. State of Cal.*, 374 U.S. 23, 30, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963)).

[2] Phillips alleges that, on March 7, 2016, Manning "traffic stopped" a vehicle in which Phillips was a passenger "on pretense of a minor traffic violation." (Compl. ¶ 10.) Phillips was "forcibly and abusively interrogat[ed] . . . as to whether there were drugs in the vehicle." (*Id.* ¶ 11.) She was also subjected to a warrantless "strip search" and/or "body cavity search," in public and by male officers, despite having advised the officers that she was not wearing undergarments. (*Id.* ¶¶ 14-19, 29.) After this incident, she filed a complaint against the officers with the City. (*Id.* ¶ 33.) The instant motion for summary judgment does not address this incident, but these facts provide some additional context.

[3] The complaint uses "defendants," in the plural, but specific allegations are made only as to Officer Manning and Officer Curtis. Other than to assert that Officer Sferra was "present at and responsible for" the incidents alleged, the complaint has no further detail. Manning, Curtis, and Sferra are all sued "individually." Chief of Police Rauzan is sued only in his official capacity as the head of the City's police department.

2

15-3, Manning Deposition ["Manning Dep."] at 214 (15-17)[4]; *see also* Doc. No. 15-1, Kotouch Affidavit ["Kotouch Aff."].[5]) Manning used his dog to conduct "an exterior free air sniff" and the dog gave a positive alert for drugs. (Manning Dep. at 215 (20).) Phillips and the driver were both removed from the vehicle and handcuffed while Manning searched the interior of the vehicle. (*Id.* at 215 (20-21).) He found a sandwich baggie inside a plastic grocery bag on the floor of the front passenger seat. (*Id.* at 215-16 (21-22).) There were "little pieces of marijuana inside the baggie[.]" (*Id.* at 216 (22).) Both Phillips and the driver denied the baggie was theirs, but Manning arrested them both for possession of drug paraphernalia, after advising them of their *Miranda*[6] rights. (*Id.* at 216 (22).) Since Manning had the canine in his cruiser, another officer was called to transport the detainees to the Mahoning County jail. (*Id.* at 216 (24).) The driver of the vehicle was "medically refused" at the jail; she was returned to the City police station and issued a summons for a June 7, 2016 arraignment, and was released. Phillips was not medically refused, having indicated that she had no injuries or medical conditions. (Kotouch Aff. at 145, 167.) Phillips was detained for seven and one-half hours and released on personal recognizance. (Doc. No. 15-4, Phillips Deposition ["Phillips Dep."] at 249 (94)).

On August 9, 2016, during a pretrial, Phillips entered into an Ohio Rule 11 plea agreement whereby, she "stipulated to probable cause as to the arrest, underlying search, and traffic stop in

---

[4] Most page number references herein are to the page identification numbers generated by the Court's electronic docketing system. But, in the case of the depositions of Manning and Phillips, which are condensed to four transcript pages per sheet, the Court will add the actual deposition page numbers in parentheses.

[5] Kenneth C. Kotouch, a part-time Campbell police officer, conducted an investigation in response to another complaint Phillips filed with the City following the June 2016 incident. His affidavit, with supporting exhibits, is attached to the motion.

[6] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) (prior to any questioning of a person in custody, "the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.")

3

exchange for a dismissal of all charges [i.e., possession of drug paraphernalia, a misdemeanor of the fourth degree]." (Doc. No. 15-2, Macala Affidavit ["Macala Aff."] ¶ 5 at 205 & 208-09.[7])

Phillips subsequently filed a complaint about Officer Manning with the City (*see* Kotouch Aff. at 133-138), claiming, *inter alia*, that her left wrist was cut by the too-tight handcuffs and attempting to challenge the existence of probable cause for her arrest. At that time, she claimed to have photographs of the cut, but, during her deposition, she admitted that they had been deleted from her phone. (Phillips Dep. at 246 (84).) The City investigated Phillips' complaint and found it baseless. (Kotouch Aff. at 124-131.)

This lawsuit followed, wherein, with respect to the June 4, 2016 traffic stop, Phillips appears to allege violations by the individual officers, and specifically Officer Manning, of her Fourth Amendment right to be free from unlawful search and seizure, as well as excessive force with regard to the handcuffing, plus retaliation and a state law claim of malicious prosecution. She also alleges constitutional violations against the City relating to failure to train officers and/or to implement appropriate policies and procedures.

## II. DISCUSSION

**A.    Summary Judgment Standard**

Under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[7] Brian Macala is the Law Director for the City. (Macala Aff. ¶ 3.) He attests that, in Campbell Municipal Court, "if a prosecutor and defendant reach an agreement whereby the City agrees to dismiss criminal charges in exchange for a stipulation of probable cause as to the arrest and underlying police activity, it is standard practice for a City Prosecutor to indicate that the agreement was a Rule 11 Agreement and simply state that the defendant 'stipulates to probable cause.'" (*Id*. ¶ 4.)

An opposing party may not rely merely on allegations or denials in its own pleading; rather, by affidavits or by materials in the record, the opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1). Affidavits or declarations filed in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "[t]he trial court

no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

**B.     Analysis**

    **1.     Federal and State Claims Against Officers re: June 4, 2016 Incident**

Reading the complaint liberally as it relates to the June 4, 2016 incident, Phillips raises claims under § 1983 for violations of the fourth amendment, plus separate federal and state claims of malicious prosecution.[8]

To prove a claim under § 1983, plaintiff must establish that she was deprived of a constitutional right by a person acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citation omitted). Defendants are permitted to assert affirmative defenses, such as qualified immunity, under which "government officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (citations

---

[8] Section 1983 claims are also asserted regarding the March 7, 2016 incident. It also appears that Phillips' state law claims of "assault and battery" and "statutory claims of 'strip search,' and 'body cavity search,'" are associated only with the March 7th incident. None of these matters are at issue now.

6

omitted). Plaintiff bears the burden of showing that police officers asserting this defense are not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) (citation omitted).

To maintain a claim of malicious prosecution under § 1983, plaintiff must show (1) "that a criminal prosecution was initiated [by the defendant]," (2) there was "a lack of probable cause for the criminal prosecution," (3) there was a "deprivation of liberty . . . apart from the initial seizure[,]" and (4) that the criminal prosecution was "resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (internal citations and quotation marks omitted). The elements of a state claim of malicious prosecution are similar. *See Trussell v. Gen. Motors Corp.*, 559 N.E.2d 732, 735 (Ohio 1990) ("The essential elements of a malicious [criminal] prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the [criminal] defendant.") (quoting *Rogers v. Barbera*, 164 N.E.2d 162 (Ohio 1960), syllabus ¶ 1)).

In this case, although the individual officers assert the defense of qualified immunity (and are very likely entitled to it), the Court need not specifically examine that issue because plaintiff is unable to establish the elements of either a federal or state claim. As part of her Rule 11 plea agreement relating to the charges brought in Campbell Municipal Court, Phillips stipulated that there was probable cause for her arrest and the underlying police activity. Although plaintiff argues in her opposition brief that there is no transcript or stipulation that bears her signature to establish probable cause (Opp'n at 283), and although she attempts now to attest that she "never stipulated to probable cause[,]" (Doc. No. 17-1, Phillips Affidavit ["Phillips Aff."] ¶ 4), the record before this Court shows otherwise.

"[An Ohio] court of record speaks only through its journal entries." *State ex rel. Geauga Cnty. Bd. of Comm'rs v. Milligan*, 800 N.E.2d 361, 365 (Ohio 2003) (quoted by *United States v. Adkins*, 729 F.3d 559, 567 (6th Cir. 2013)). Here, a certified copy of the journal entries of the Campbell Municipal Court establishes that Phillips stipulated to probable cause in return for dismissal of the charges against her. (Macala Aff. ¶ 4; Ex. 1 at 208; Ex. 2 at 209.) Phillips cannot now offer a contrary affidavit in an attempt to create a material factual dispute. *See, e.g., France v. Lucas*, 836 F.3d 612, 623 (6th Cir. 2016) ("the sham affidavit doctrine [is applied] against a party who attempts to avoid summary judgment by filing his own affidavit that directly contradicts his own prior sworn testimony") (emphases omitted) (citing *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991)).

Because Phillips previously stipulated to probable cause, she is unable to establish either a Fourth Amendment violation regarding her arrest and detention on June 4, 2016, or a claim of malicious prosecution under either federal or state law.[9] Accordingly, defendants are entitled to summary judgment in their favor as to these claims.

Phillips also claims that she was subjected to excessive force on June 4, 2016 when she "was handcuffed incurring an injury to her wrist[.]" (Compl. ¶ 36.)[10] To prevail on this claim, Phillips must allege "some physical injury from the handcuffing" and that the "officers ignored

---

[9] Phillips' allegation that the stop was made by Officer Manning in retaliation for her complaint following the March 7, 2016 incident does not change this outcome. *See United States v. Burton*, 334 F.3d 514, 516 (6th Cir. 2003) ("The Fourth Amendment . . . permits an officer who has probable cause to believe that a traffic violation is occurring [i.e., running a stop sign] to detain the automobile, regardless of the officer's subjective motivation for the stop.") (citation omitted).

[10] Although Phillips has generally asserted an "assault and battery" claim (Compl. ¶ 2), the Court construes this claim as applying only to the March 7, 2016 alleged "strip search." By Phillips' own testimony, on June 4, 2016, aside from the handcuffing alleged to constitute excessive force, no officer otherwise touched her. (Phillips Dep. at 248-49 (93-94) ("Q. [T]here was no search or pat down? A. Never came close to me.").)

plaintiff's complaints that the handcuffs were too tight." *Lyons v. City of Xenia*, 417 F.3d 565, 576 (6th Cir. 2005) (citations omitted).

While Phillips' *complaint* does not allege that she advised Manning of her discomfort and that he ignored her pleas, this assertion was made in a complaint against Manning filed with the City after the incident (Kotouch Aff. at 137), during Phillips' deposition (Phillips Dep. at 245-46 (80-84)), and again in her affidavit filed in support of her opposition brief (Phillips Aff. ¶ 2).[11] Under Sixth Circuit precedent, this is sufficient to create a genuine issue of material fact as to Phillips' excessive force claim from the June 4, 2016 traffic stop. *See Lyons, supra; see also Morrison v. Bd. of Tr. of Green Twp.,* 583 F.3d 394, 401-04 (6th Cir. 2009) (affirming district court's denial of summary judgment on ground of qualified immunity as it related to handcuffing).

### 2. § 1983 Claim Against the City (and Rauzan)

Plaintiff also alleges that the City "failed to adequately train and/or supervise . . . its officers relative to proper police procedures governing arrests and the use of physical force, and it likewise failed to institute adequate policies and procedures relative to the same[.]" (Compl. ¶ 39.)

---

[11] Although Phillips testified in her deposition regarding a physical injury to her left wrist, Phillips is unable to point to anything else in the record that would corroborate her claim of such an obvious injury. During her deposition, she testified that she no longer had any photographs of her injury. (Phillips Dep. at 246 (84) ("[The pictures are] gone because somebody decided to erase them off the phone.").) The investigation report completed by Officer Kotouch in response to plaintiff's complaint following the June 4th incident noted that, in her pre-screening at the jail (at a time when she was already handcuffed), Phillips answered in the negative when asked if she had any injuries. (Kotouch Aff. at Ex. 1 at 167.) Further, during her deposition, Phillips admitted that she never sought any medical treatment for injury to her wrists. (Phillips Dep. at 246 (83).) Although Phillips claims she was handcuffed behind her back (*Id.* at 246 (82)), Manning testified that he handcuffed Phillips with her arms in front of her body, and that he "gapped" them with his finger to insure they were not too tight and double-locked them so they could not further tighten on their own. (Manning Dep. at 217 (28).) This is supported by Manning's incident report created on the day of the incident. (*See* Kotouch Aff. Ex. 1 at 144-45.) Plaintiff did not depose the transport officers or the jail intake officers to challenge any of this evidence. Notwithstanding this contrary evidence, as stated previously, the Court finds that Phillips has asserted sufficient facts to withstand defendants' motion for summary judgment as to her excessive force allegation.

A local governing body, such as the City, "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes" a policy or custom. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, to prevail on a § 1983 *Monell* claim, Phillips must show (1) that she suffered a constitutional violation, and (2) that a municipal policy or custom directly caused the violation. *Id.* at 690-92.

As the Court has already found, there is no constitutional violation regarding probable cause for her arrest and detention and, therefore, no *Monell* violation. *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act.") (citation omitted). Further, assuming for the sake of argument, as the Court does, that Phillips may be able to show a constitutional violation of excessive force, she fails to meet her burden of producing any evidence of a municipal policy or custom that might have caused that constitutional violation.

Accordingly, the City is entitled to summary judgment on the *Monell* claims relating to the June 4, 2016 incident.

### III. CONCLUSION

For the reasons set forth herein, defendants' motion for partial summary judgment with respect to all claims against all parties relating to the June 4, 2016 incident is granted, in part. The only claim that survives summary judgment as to the June 4, 2016 incident is Phillips' excessive force claim against Manning.

**IT IS SO ORDERED**.

Dated: January 22, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**